(52 South. 673.)

No. 18,215.

FLOURNOY, Tax Collector, v. WALKER.

In re J. P. FLOURNOY, Tax Collector.

(June 6, 1910.)

*(Syllabus by Editorial Staff.)*

1. HAWKERS AND PEDDLERS (§ 3*)—LICENSES —"PEDDLER."

Any person who peddles is a "peddler" within Act No. 295 of 1908, requiring a license for hawkers and peddlers, without reference to the kind of merchandise purchased and sold.

[Ed. Note.—For other cases, see Hawkers and Peddlers, Cent. Dig. §§ 3–6; Dec. Dig. § 3.*

For other definitions, see Words and Phrases, vol. 6, pp. 5260–5267; vol. 8, p. 7750.]

2. HAWKERS AND PEDDLERS (§ 2*)—STATUTES § 166*) — AMENDMENT—RE-ENACTMENT—EF-FECT.

Act No. 295 of 1908, regulating and licensing hawkers and peddlers, being declared both in its title and body to be an act to amend and re-enact Act No. 49 of 1904, that act is continued in force only as amended and re-enacted and not as it formerly stood, so that an exception contained therein of persons selling and distributing eggs and poultry from the category of taxpaying peddlers, not continued in act 1908, was repealed.

[Ed. Note.—For other cases, see Hawkers and Peddlers, Dec. Dig. § 2;* Statutes, Dec. Dig. § 166.*]

3. STATUTES (§ 81*)—GENERAL LICENSE LAW—SPECIAL LAW.

Act No. 295 of 1908, regulating and licensing hawkers and peddlers, being an amendment of Act No. 49 of 1904, which was itself an amendment of General License Law (Act No. 171 of 1898) § 12, was a new section 12 of such law, and was not a special law.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 81.*]

4. LICENSES (§ 7*)—STATUTES—UNIFORMITY.

Act No. 295 of 1908, licensing hawkers and peddlers, and imposing a license tax graduated according to whether the peddling is done on foot, horseback, in one or two horse vehicles, or by means of water craft, was not invalid for nonuniformity.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 7–15; Dec. Dig. § 7.*]

5. CONSTITUTIONAL LAW (§ 68*)—PROVINCE OF COURTS—LICENSE TAX—AMOUNT.

The amount of a license tax to be imposed on hawkers and peddlers is for the determination of the Legislature, and not for the courts.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 125–127; Dec. Dig. § 68.*]

Application by J. P. Flournoy, tax collector, for writs of certiorari and prohibition to review an order denying an application for judgment for license tax, sought to be recovered from W. W. Walker.

Reversed and judgment granted.

John R. Land and J. B. Files, for plaintiff. Cal D. Hicks, for respondent.

PROVOSTY, J. The questions presented in this case are, first, whether defendant is a peddler, within the meaning of Act No. 295 of 1908; and, second, whether the part of said act imposing a license tax on peddlers is not unconstitutional, as being violative of article 48 of the Constitution, by which the Legislature is forbidden to pass any special law regulating trade; and of article 225, requiring taxation to be uniform; and of article 229, requiring licenses to be graduated.

Defendant goes about the country with a two-horse wagon buying eggs and chickens, and, when he has gathered a sufficient number, drives into Shreveport, and sells them from door to door. His counsel calls him a "vendor of eggs and poultry, or chicken peddler." The argument is that, according to all the definitions, a peddler is a vendor of "goods, wares, and merchandise," and that eggs and chickens cannot be so classified. Without going into any learned disquisition upon the subject, we will say that any person who peddles is a peddler, and that the license law makes no distinction between chicken and other kinds of peddlers, but requires that peddlers (i. e., all peddlers) shall pay a license.

The more serious contention of the learned counsel (and it is the one upon which the learned trial judge rested his decision) is that the provision of Act No. 49 of 1904 which excepts "persons selling and distributing eggs and poultry" from the category of taxpaying peddlers is still in force.

We think not. Act No. 295 of 1908 is declared both in its title and in its body, to be an act to amend and re-enact Act No. 49 of 1904, and therefore said Act No. 49, of 1904 is now in force only as amended and re-enacted, and not as it formerly stood (26 A. & E. E. 735); and as thus amended and re-enacted it does not contain the said exception.

The constitutional objections are without merit. Said act 295, imposing a license upon peddlers, being an amendment of Act No. 49 of 1904, which itself was an amendment of section 12 of the general license law, is simply section 12 of the general license law (Act No. 171 of 1898), and the general license law is as far from being a special law as any law could possibly be; and, if it is at all a regulation of trade, it is so only to the extent and in the sense that every license law is such. The license is uniform, since it is imposed upon all peddlers alike, without distinction; and it is graduated, since its amount is different accordingly as the peddling is done on foot, or horseback, in a one-horse or in a two-horse vehicle or by means of a water craft, and since graduation is not required to be according to volume of business, but may be by any mode the Legislature may see fit, as has been several times decided by this court.

The license of $100 does indeed seem to be heavy; but that is manifestly a consideration addressing itself to the Legislature, and not to the courts.

The judgment appealed from is set aside; and, proceeding to render such judgment as should have been rendered below, it is now ordered, adjudged, and decreed that there be judgment in favor of the state of Louisiana against W. W. Walker for the sum of $120, whereof $100 is for a license tax as peddler for the year 1910; $10 for the fee of the sheriff, and $10 as the fee of the district attorney in these proceedings; and that the said W. W. Walker pay the costs of this suit.