No. 3501

Second Circuit

——

## KIRBY ET AL. v. CRYSTAL OIL REFINING CORP.

——

(July 1, 1929. Opinion and Decree.)
(November 4, 1929. Writ of Certiorari and
Review Refused by Supreme Court.)

——

Harry V. Booth, of Shreveport, attorney for plaintiff, appellant.

A. M. Pyburn, of Shreveport, and Spearing & Mabry, of New Orleans, attorneys for defendant, appellee.

REYNOLDS, J. Plaintiffs, Oliver Kirby as the father, and Addie Kirby as the sister, of J. C. Kirby, deceased, sued defendant, Crystal Oil Refining Corporation, for judgment under the Workmen's Compensation Law of Louisiana for compensation for the death of J. C. Kirby, who was accidentally killed while performing duties for and in the course of his employment by defendant, and who, at the time of his death, was receiving a weekly wage of $45.50. The father demanded 32½ per cent. of this amount for 300 weeks and the sister 11 per cent. of the amount during the same period. The father also demanded $250 as the reasonable expenses of the burial of the deceased and the reasonable contingent expenses in connection therewith.

The defendant admitted the employment and accidental death of J. C. Kirby arising out of and in the course of his employment and that he was being paid a weekly wage of $45.50, but denied liability to either plaintiff for compensation in any amount. However, on the trial, defendant admitted its liability in case of dependency and limited its defense to the issue of whether both or either plaintiff was dependent on the deceased at the time of his death and as to whether both plaintiffs were entitled to recover.

On these issues the case was tried and there was judgment in favor of the father,

Oliver Kirby, for compensation of $14.78 a week during 300 weeks, the first payment being decreed due May 25, 1928, with legal interest on each payment from its maturity until paid, and for $150, for the burial expenses of the deceased and contingent expenses in connection therewith, and rejecting the demands of the sister, Addie Kirby.

From this judgment the plaintiff Addie Kirby appealed.

OPINION

The only question presented for decision is whether the plaintiff Addie Kirby, the sister of the deceased, also is entitled to compensation notwithstanding he left a father who was dependent on him for support.

The accident to and death of the employee occurred on May 18, 1928, and therefore the rights of the parties are governed by Act No. 85 of 1926, sec. 8, subsec. 1, par. (E), clause 8, of which provides:

"If there be neither widow, widower, nor child, then to the father or mother, thirty-two and one-half per centum of wages of the deceased. * * *."

In view of the fact that the deceased left surviving him a father who was dependent on him for support at the time of the accident and death, it is clear that the sister was not entitled to the benefits of the act.

It is only where the deceased left "neither widow, widower, nor child, nor dependent parent entitled to compensation," that a dependent sister or brother is entitled to demand it.

But plaintiff contends that not Act No. 85 of 1926 but Act No. 216 of 1924 fixes her rights and defendant's liabilities, and cites sec. 8, subsec. 1, par. (g) of that act in support of her contention. That paragraph provides:

"* * * but if only one parent be actually dependent on the deceased employee to any extent for support at the time of the injury and death and there be brothers and sisters and other members of the family of the deceased employee hereinabove not specifically provided for, then if any such brother or sister or other member of the family not otherwise specifically provided for was actually dependent on the deceased employee for support to any extent at the time of the injury and death, eleven per centum additional for each such brother or sister or other dependent member of the family not otherwise specifically provided for, subject to a maximum of sixty-five per centum of wages for all."

In our opinion the paragraph copied from the Act of 1924 was repealed and superseded by the paragraph copied from the Act of 1926.

The two paragraphs are inconsistent. The latter allowed compensation to others besides father or mother where only one parent was dependent on the deceased child for support and he left neither wid-

ow, widower nor child, while the former allows compensation to a brother or sister only in the event the deceased left "neither widow, widower, nor child, nor dependent parent entitled to compensation," and the deceased in this case having left a surviving parent entitled to compensation he was entitled to all and the sister to none of the compensation payable under the act.

When any part of an amended act is omitted from the amending act, the omission must be considered repealed.

Flournoy vs. Walker, 126 La. 489, 52 So. 673.

"When a statute has been amended and re-enacted, any part of the amended act that is omitted from the amending and re-enacting statute is thereby repealed."

State ex rel. Brittain vs. Hayes, 143 La. 39, 78 So. 143.

The paragraph copied from the Act of 1924 is both amended and re-enacted by the paragraph copied from the Act of 1926.

The judgment appealed from is correct and accordingly it is affirmed.