779 So.2d 704 (2001)
Preston NAQUIN
v.
TITAN INDEMNITY CO., Iberville Parish Sheriff's Department, and Neal Noel.
No. 2000-C-1585.
Supreme Court of Louisiana.
February 21, 2001.
*706 Richard J. Fernandez, Metairie, Counsel for Applicant.
Charles W. Belsom, Jr., Vincent P. Fornias, Baton Rouge, Counsel for Respondent.
KIMBALL, J.[*]
We granted certiorari in this case to consider the applicability of La. R.S. 13:5107(D) to suits in which the cause of action arose prior to the effective date of the statute, but were filed after its effective date. Additionally, we must determine whether the statute, which authorizes dismissal of the suit as to the state, state agency, or political subdivision or any officer or employee thereof when plaintiff fails to request service of citation within ninety days of the filing of the initial pleading naming such governmental defendant, applies to governmental insurers. We conclude that La. R.S. 13:5107(D), as enacted by Act 63 of the First Extraordinary Session of 1996, applies to suits filed after its effective date, that Act 518 of 1997, which amended and reenacted La. R.S. 13:5107(D), has no application to suits filed prior to its effective date, and that the insurers of governmental defendants may not take advantage of the personal defense provided by the statute.

FACTUAL AND PROCEDURAL BACKGROUND
On March 23, 1996, Preston Naquin was a passenger in a vehicle being driven by Aaron Folse. While Folse and Naquin were stopped in traffic on Interstate-10 in East Baton Rouge Parish, Neal Noel, an employee of the Iberville Parish Sheriff's Department (the "Sheriff"), allegedly rearended the vehicle behind Folse and Naquin, causing that vehicle to strike the vehicle in which Folse and Naquin were traveling. Naquin alleges that he suffered various injuries as a result of this collision.
At the time the accident occurred, there was no requirement that service of citation upon a governmental defendant be requested within any specified time. However, effective May 9, 1996, the legislature amended La. R.S. 13:5107, a statute governing suits against the state, state agencies, or political subdivisions, to require that service upon governmental defendants be requested within ninety days of the filing of the petition. Act 63 of the First Extraordinary Session of 1996 provided:
In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names a state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, *707 or political subdivision or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof. The effect of interruption of prescription as to other persons shall not be affected thereby.
On March 17, 1997, Naquin filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge against Noel, the Sheriff and Titan Indemnity Company as insurer of the Sheriff and Noel (collectively "defendants"). Naquin's Petition for Damages gave service of process information for Titan only, and instructed that service be withheld until further notice.
Effective January 1, 1998, the legislature "amended and reenacted" La. R.S. 13:5107(D) to provide that the requirement that service of citation shall be requested within ninety days of the filing of the petition that named the governmental defendant may be expressly waived by the defendant in writing. The amendment also provided that if service is not requested within the ninety day period, the action shall be dismissed without prejudice after contradictory motion, rather than contradictory hearing as provided for in Act 63.[1] Section 5 of Act 518 specifically provided that "[t]he provisions of this Act shall be applicable only to suits filed on and after its effective date."
In March, 1998, plaintiff requested that the petition be served on defendants. On April 23, 1998, defendants requested an extension of time in which to file responsive pleadings. On July 21, 1998, defendants filed a Motion to Dismiss plaintiff's claim for failure to request service upon the political subdivision within ninety days as provided in La. R.S. 13:5107(D). The trial judge granted defendants' motion, dismissing the action without prejudice as to all defendants, and Naquin appealed.
The court of appeal affirmed the district court's ruling. Naquin v. Titan Indem. Co., 99-0400 (La.App. 1 Cir. 5/12/00), 767 So.2d 726. The court of appeal held that Naquin's claims against Noel and the Sheriff were properly dismissed since the ninety day service requirement of La. R.S. 13:5107(D) was in effect at the time his suit was filed. The court also dismissed Naquin's claim against Titan, holding that Titan was entitled to stand in the shoes of its insureds, Noel and the Sheriff, and claim the benefit of the service requirement imposed by La. R.S. 13:5107(D). Finally, the court rejected Naquin's argument that defendants had "lulled" him into the belief that service was not required, since the parties were engaged in good faith negotiations through correspondence between Naquin's attorney, adjusters and representatives of Titan. For all these reasons, the court of appeal affirmed the *708 dismissal without prejudice of Naquin's claims.
We granted writs to review the correctness of this decision. 00-1585 (La.10/6/00), 770 So.2d 356. For the reasons that follow, we conclude Naquin's claims against Noel and the Sheriff were properly dismissed. However, we find that the court of appeal erred in affirming the dismissal of the suit as to Titan.

LAW AND ANALYSIS
This case presents the situation in which plaintiff's cause of action arose prior to the effective date of Act 63, but suit was filed after its effective date. Because of this, plaintiff argues that application of Act 63 to his suit would deprive him of substantive rights acquired prior to the statute's effective date. We disagree.
The rules governing service of process are procedural because they prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws. See Keith v. U.S. Fidelity & Guar. Co., 96-2075, p. 6 (La.5/9/97), 694 So.2d 180, 183 ("Procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws.").[2] As procedural rules, the provisions governing service of process do not create substantive rights. The state may therefore change these rules as long as a party receives due notice and an opportunity to be heard. Lott v. Department of Public Safety & Corrections, 98-1920 (La.5/18/99), 734 So.2d 617. See also Hardware Dealers' Mut. Fire Ins. Co. v. Glidden Co., 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214 (1931); Wall v. Close, 201 La. 986, 10 So.2d 779 (1942). Just as an accused is not entitled to be tried in the exact mode prescribed for criminal trials at the time of the commission of the offense for which he is charged, State v. Sepulvado, 342 So.2d 630 (La.1977), a civil litigant is not entitled to pursue his cause of action in the exact mode prescribed by the legislature at the time his cause of action arose. No one has a vested right in any given mode of procedure. Denver & Rio Grande Western R.R. Co. v. Brotherhood of R.R. Trainmen, 387 U.S. 556, 563, 87 S.Ct. 1746, 1750, 18 L.Ed.2d 954 (1967); Lott, 734 So.2d at 621; Wall, 10 So.2d at 784; State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601, 611 (1937).
Because plaintiff had no vested right to have the procedural rules in effect at the time his cause of action arose applied to his suit, the procedure provided for by Act 63 can be applied to his action as long as he was afforded due notice and an opportunity to be heard. Act 63 became effective more than ten months prior to the date plaintiff filed suit. Therefore, once the suit was filed, plaintiff had a full ninety days within which to request service. Clearly, plaintiff was afforded due notice and an opportunity to be heard. The requirements imposed by Act 63 did nothing to affect plaintiff's right to sue on his cause of action. Rather, they merely prescribed the method by which plaintiff had to pursue his right. We therefore conclude that the provisions of Act 63 apply to govern the procedure by which plaintiff must pursue his cause of action.
Plaintiff argues that Act 63 should not be applied to his suit because Section 5 of Act 518, which provides that the Act shall be applicable only to suits filed on and after January 1, 1998, evidences an intent by the legislature that the ninety day service rule only be applied from that day forward. Plaintiff reasons that because Act 518 "amended and reenacted" La. R.S. 13:5107(D), the provisions of Act 63 no longer exist and therefore cannot be applied to his case. In other words, plaintiff argues that Act 518 completely replaced *709 Act 63 such that the ninety day service rule cannot be applied to suits filed prior to January 1, 1998. Again, we disagree.
Section 5 of Act 518 states that the provisions of the Act "shall be applicable only to suits filed on and after" January 1, 1998. This is a clear and unmistakable expression of the legislature's intent that the provisions of Act 518 have prospective application only. As an Act having prospective application only, Act 518 has no effect on its predecessor, Act 63. Plaintiff's argument that the phrase "to amend and reenact" contained in Act 518 somehow allows that Act to go back in time and erase the provisions of Act 63 as if they never existed is without merit. The phrase "to amend and reenact" is standard drafting language where an existing statute is being changed in some way, and, despite plaintiff's assertions, does not in itself carry any special weight. See "Legislative Bill DraftingForms," p. XXXVI, preceding LSA-R.S. 1:1. Moreover, the full title of Act 518[3] indicates that the legislature's most likely intent in amending and reenacting § 5107(D) was to add the provision concerning waiver of the service requirement now found in § 5107(D)(1). There is simply no evidence to indicate that the legislature intended for Act 518 to replace Act 63 as though Act 63 never existed.
Plaintiff's reliance on this court's ruling in Flournoy v. Walker, 126 La. 489, 52 So. 673 (1910) is misplaced. In Walker, the defendant, a peddler of eggs and chickens, argued that he should not be required to pay taxes based on Act No. 49 of 1904, which excepted "`persons selling and distributing eggs and poultry' from the category of taxpaying peddlers." This court held that the exception found in Act 49 was inapplicable:
Act 295 of 1908 is declared both in its title and in its body, to be an act to amend and re-enact Act No. 49 of 1904, and therefore said Act No. 49, of 1904 is now in force only as amended and reenacted, and not as it formerly stood (26 A & E.E. 735); and as thus amended and re-enacted it does not contain the said exception.
Id. at 674. Contrary to plaintiff's assertion, it does not appear that the court was stating any blanket principle as to the effect of reenactment on prior versions of a statute; instead, the court was simply pointing out that the statute had been amended to remove the exception at issue.
Plaintiff next argues that even if Act 63 is applicable to his suit, defendants waived the service requirement in this case, or, alternatively, should be estopped from asserting his failure to request service upon them because they "lulled" him into not requesting service.
We note at the outset that, from a statutory standpoint, Act 63, which we have already concluded applies to plaintiff's suit, contained no provision for waiver of service by a governmental defendant. The language allowing the provisions of La. R.S. 13:5107(D) to be expressly waived by any written waiver was added to the statute by Act 518 and is thus inapplicable to plaintiff's suit. At the time plaintiff's suit was filed, La. C.C.P. art. 1201, governing service of citation generally, provided that "[t]he defendant may expressly waive citation and service thereof by any written waiver made part of the record."
*710 Plaintiff's initial claim is that defendants' knowledge of the pending suit obviated the need for service of citation. Plaintiff argues that adjusters for Titan and the Sheriff knew about the suit and had received courtesy copies of the petition, and that a request for service within ninety days was thus unnecessary. However, it is well-accepted that even a defendant's actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions. See, e.g., Peschier v. Peschier, 419 So.2d 923 (La.1982); Strong's Plumbing, Inc. v. All Seasons Roofing & Sheet Metal, Inc., 32-783 (La.App. 2 Cir. 3/1/00), 754 So.2d 336, 338; Kimball v. Kimball, 93-1364 (La.App. 1 Cir. 5/20/94), 637 So.2d 779; Scullin v. Prudential Ins. Co. of America, 421 So.2d 470 (La.App. 4 Cir. 1982). The argument that the defendants' knowledge of Naquin's suit can somehow fill the role of service of citation lacks merit.
Plaintiff supplemented record on appeal to include correspondence between his counsel and the adjusters for the Sheriff and Titan. This was presumably in hopes of satisfying the requirement in La. C.C.P. art. 1201 that there be an express written waiver of citation and service "made part of the record." Adjusters for both the Sheriff and Titan acknowledged in letters to plaintiff's counsel that they had received courtesy copies of the petition. While these letters do acknowledge receipt of the petition, neither letter expressly states that either the Sheriff or Titan waived service of the petition and citation. Thus, neither defendant "expressly waive[d] citation and service thereof." La.Code Civ. P. art. 1201. This argument also lacks merit.
Plaintiff next argues that defendants should be estopped from asserting his failure to comply with the requirements of La. R.S. 13:5197 because they had received the petition and negotiated with him toward a possible settlement. However, the fact that defendants have knowledge of the pending suit does not satisfy plaintiff's obligation to request service within ninety days of the filing of a suit against a governmental defendant. Moreover, the provisions of Act 63 did not place an unreasonable burden on plaintiff and it is not reasonable to believe, in light of the mandatory language contained in the Act, that ongoing settlement negotiations absolve a litigant of his responsibility to comply with its requirements.
Finally, plaintiff argues that the purpose of the request for service requirement, the avoidance of stale claims against the government, was satisfied because he promptly provided the defendants with a copy of the petition.[4] While it is this court's province to "consider the reason and spirit of a law," we are "not free to rewrite the law to effect a purpose that is not otherwise expressed." Backhus v. Transit Cas. Co., 549 So.2d 283, 291 (La. 1989). "When a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. Had the legislature wished for § 5107(D) to require mere informal notice within ninety days rather than a request for service of citation, it could have so provided. Section 5107(D) specifically requires that service of citation be requested within ninety days of the filing of the pleading naming a governmental defendant. This argument is also without merit.
We conclude that when plaintiff filed his suit, Act 63 was in effect and plaintiff was required to request service of citation within ninety days of the filing of the petition naming governmental defendants. *711 Because plaintiff failed to request service on Noel and the Sheriff within ninety days of the filing of his petition, the court of appeal properly affirmed the dismissal of his suit as to those defendants.
Plaintiff also assigns as error the fact that the lower courts allowed Titan, the Sheriff's liability insurer, to claim the benefit of the ninety-day service rule provided by Act 63. Plaintiff argues that, even if Noel and the Sheriff get the benefit of the ninety-day service rule, Titan is not entitled to dismissal of the suit against it based on La. R.S. 13:5107(D) grounds. On this point, we agree.
The statute clearly provides that if service is not requested by plaintiff within ninety days of the filing of the pleading naming a governmental defendant, "the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivisions, or any officer or employee thereof, who has not been served" (emphasis added).[5] This language is clear and unambiguous and must therefore be applied as written. The statute's explicit provisions do not provide for the dismissal of the action against an insurer of a governmental entity.
The fact that the suit is dismissed as to Noel and the Sheriff does not destroy plaintiff's cause of action, it merely takes away his right to pursue that cause of action against Noel and the Sheriff. This is because the provisions of La. R.S. 13:5107(D) (1996) confer a defense that is personal to Noel and the Sheriff. Because the statute confers only a personal defense on these governmental defendants, the insurer cannot raise them. See Descant v. Administrators of the Tulane Educ. Fund, 93-3098 (La.7/5/94), 639 So.2d 246 ("In determining which defenses are personal and thus cannot be raised by the insurer, Louisiana courts distinguish a cause of action from a right of action. Personal defenses bar a right of action where a cause of action would otherwise have existed."). Plaintiff's cause of action still exists, but because he failed to properly pursue that cause of action against Noel and the Sheriff, La. R.S. 13:5107(D) (1996) required his suit to be dismissed as to these defendants.
In Jones v. City of Kenner, 338 So.2d 606 (La.1976), this court interpreted another provision of the Louisiana Governmental Claims Act, La. R.S. 13:5105, which provides that "[n]o suit against a political subdivisions shall be tried by jury." There, plaintiff simultaneously sued the City of Kenner and the City's liability insurer. The trial court held that, under § 5105, the plaintiff was only entitled to a bench trial against both defendants. This court reversed, holding that a jury trial was available against the city's liability insurer:
[La. R.S. 13:5105] expressly declares that a jury trial is not available against the political subdivision (the City of Kenner), but it does not extend this exemption from jury trial to the public body's liability insurer. Therefore, as in Champagne [v. American Southern Ins. Co., 285 So.2d 543 (La.1974) ], we hold that the plaintiffs cannot be deprived of their jury trial against such non-governmental defendant because a governmental defendant is joined as a party, despite any identity or substantial similarity of the issues against both.
338 So.2d at 607.
We apply this reasoning here and hold that the defense provided to Noel and the Sheriff by La. R.S. 13:5107(D) (1996) cannot be extended to the insurer, a non-governmental defendant. It was within the legislature's authority to specifically provide that insurers of governmental entities fell within the purview of § 5107(D) and it did not. The legislature made no mention of insurers in Act 63. In light of *712 the personal nature of defense provided by the statute, as well as the plain language and meaning of § 5107(D) (1996), we thus conclude that the lower courts erred in dismissing Naquin's suit as to Titan.

DECREE
Considering the foregoing, the judgment is affirmed with respect to the dismissal of the claims against Noel and the Sheriff, reversed insofar as it dismisses Titan Indemnity Co., and remanded to the district court for further proceeding not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
NOTES
[*] James C. Gulotta, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.
[1] Specifically, Act 518 of 1997 provided:

(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any employee or officer thereof, is dismissed as a party pursuant to this Section, the filing of the action, even against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any employee or officer thereof; however, the effect of interruption of prescription as to other persons shall continue.
[2] Plaintiff does not disagree with this conclusion as his brief to this court explicitly states that La. R.S. 13:5107(D) is procedural.
[3] The full title of Act 518 is as follows:

AN ACT
To amend and reenact R.S. 13:5107(D) and to enact Code of Civil Procedure Arts. 7(A)(6), 1201(C), and 1672(C) and R.S. 9:5801, relative to citation and service of process; to require service of citation to be requested within ninety days of commencement of the action or the filing of supplemental or amended pleadings in certain civil proceedings and in certain suits against the state, a state agency, or a political subdivision; to provide for waiver of such requirement; to provide for involuntary dismissal of suit in certain cases and the effects thereof; and to provide for related matters.
[4] Both adjusters acknowledged that they received the petition prior to the running of ninety days from March 17, 1997, the date plaintiff filed his suit. The Sheriff's adjuster acknowledged receipt of the petition on March 27, 1997, and Titan acknowledged receipt on May 3, 1997.
[5] La. R.S. 13:5102 defines the terms "state," "state agency" and "political subdivision" for purposes of the Governmental Claims Act and insurers of these governmental entities are not included within the definition.