It STEVEN R. PLOTKIN, Judge.
Defendant Regional Transit Authority (“RTA”) seeks supervisory review of a trial court judgment denying its motion to dismiss the petition filed by plaintiffs Mary and Elizabeth Johnson (“the Johnsons”) because the petition was not served on RTA within 90 days of the date the petition was filed, as required by LSA-R.S. 13:5107(D). We grant writs, reverse the trial court judgment, and dismiss the Johnsons’ case against RTA.
On April 16, 1999, the Johnsons allegedly suffered personal injury when the RTA bus in which they were riding was rear-ended by a car driven by defendant Mark Royal. On April 12, 2000, the Johnsons filed suit against RTA, Mr. Royal, and Direct General Insurance Co., Mr. Royal’s insurer, alleging that Mr. Royal was the sole cause of the accident. The Johnsons’ petition contained a notation directing the clerk to withhold service. The Johnsons requested that the petition be served on RTA on July 14, 2000, 93 days after it was filed on April 12, 2000; RTA was served with the petition on July 18, 2000.
LSA-R.S. 13:5107(D) provides, in pertinent part, as follows:
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or [^amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(Emphasis added.)
La. Const. Art. 6, § 44(2) defines “political subdivision” as “a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.” Under the provisions of LSA-R.S. 48:1092(A), the governing body of one or more parishes may create an “authority” by resolution. Moreover, every “authority” created under the provisions of LSA-R.S. 48:1092 is “declared to be a body corporate and politic, constituting an instrumentality of the State of Louisiana exercising public and essential governmental functions.” LSA-R.S. 48:1092(D). RTA is an “authority” created by LSA-R.S. 48:1651 et seq. Moreover, LSA-R.S. 48:1654 specifically provides that the RTA is “a body politic and corporate and a political subdivision of the state of Louisiana.” Accordingly, the provisions of LSA-R.S. 13:5107(D) apply to suits filed against the RTA.
The express language of LSA-R.S. 13:5107(D)(2) indicates that dismissal of a petition that has not been served on a defendant that is a political subdivision of the State within 90 days of the date the petition is filed is mandatory. In other words, the language of the statute indicates that a trial court has no discretion to deny a motion to dismiss without prejudice when a petition against a political subdivision of the State, like RTA, has not been served within 90 days of the date |3the petition is filed. No cases in Louisiana have allowed a trial court discretion to act otherwise.
*1017 However, the Johnsons argue that LSA-R.S. 13:5107(D)(2) should not be strictly applied when plaintiffs demonstrate good cause for their failure to request service of a petition within 90 days of the date the petition is filed. In support of their argument, the Johnsons cite La. C.C.P. art. 1201(C), which requires dismissal of a petition that is not served on a defendant within 90 days of filing of the petition “unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.” The Johnsons request that this court apply the “good cause” exception' of La. C.C.P. art. 1201(C) by analogy to excuse their failure to have the petition served on RTA within the 90-day period prescribed by LSA-R.S. 13:5107(D).
At the trial court level, the John-sons argued that their failure to request service on RTA was based on good cause because they reasonably expected to reach an amicable settlement with defendant Direct General. The Johnsons do not explain how or why the expectation of settlement with Direct General prevented them from requesting service on RTA within the 90-day period prescribed by LSA-R.S. 13:5107(D). This court issued an order on January 22, 2001 ordering the Johnsons to respond to the writ application within 20 days of RTA’s supplementation of its writ application[1] with a legal definition of “good cause” as it applies to the 90-day service rule and any evidence to support their good cause argument. Although RTA timely supplemented its writ application on February 6, 2001, the Johnsons failed to timely respond within the 20 day period allowed. | .Accordingly, this court finds that the Johnsons have failed to prove their good cause argument, even if the good cause exception could be applied to LSA-R.S. 13:5107(D), an issue we decline to decide.
Moreover, under the Louisiana Supreme Court’s recent decision in Naquin v. Titan Indemnity Co., 00-1585 (La.2/21/00), 779 So.2d 704, the Johnsons’ argument that their expectation of settlement with Direct General constituted good cause for their failure to comply with the requirements of LSA-R.S. 13:5107 must be rejected. In Naquin, the court rejected the plaintiffs argument that a sheriffs department, a political subdivision of the State, should be estopped from asserting his failure to comply with the 90-day service requirement established by LSA-R.S. 13:5107(D) because the defendant “had received the petition and negotiated with him toward a possible settlement.” Id. at 710. The court stated as follows:
[T]he fact that the defendants have knowledge of the pending suit does not satisfy plaintiffs obligation to request service within ninety days of the filing of a suit against a governmental defendant. Moreover, the provisions of Act 63 [adopting the current version of LSA-R.S. 13:5201] did not place an unreasonable burden on plaintiff and it is not reasonable to believe, in light of the mandatory language contained in the Act, that ongoing settlement negotiations absolve a litigant of his responsibility to comply with its requirements.
Obviously, if on-going settlement negotiations with the governmental defendant itself was insufficient to excuse the plaintiffs non-compliance with LSA-R.S. 13:5107 in Naquin, the expectation of set *1018 tlement with an entirely different defendant in this case is insufficient. This is especially true in light of the fact that no record evidence indicates that the RTA had notice of the case prior to the untimely service of the petition. In fact, in Naquin, the court found that the failure to comply with LSA-R.S. 13:5107 is not excused despite the fact the plaintiff | ¡¡claimed that he had “promptly provided the defendants with a copy of the petition.” Id.
Accordingly, the trial court judgment denying RTA’s motion to dismiss is reversed, the motion is granted, and the Johnsons’ case against RTA is hereby dismissed.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; MOTION TO DISMISS GRANTED.

. RTA was ordered to supplement its writ application to show cause why the application should not be dismissed as untimely. RTA’s response convinces this court that the application was filed as soon as reasonably possible under the circumstances, and declines to dismiss the application as untimely.