EDWARD A. DUFRESNE, Jr., Chief Judge.
This is an appeal by Kenneth OBrien, plaintiff-appellant, from a judgment dismissing with prejudice his suit against Jefferson Parish Sheriff Harry Lee and several of his deputies on grounds that plaintiff failed to request service of his petition within 90 days of filing as required by La. R.S. 13:5107D. For the following reasons we amend the judgment to provide that it be “without prejudice,” but otherwise affirm it.
OBrien’s pro se petition alleges that on September 3, 1995, an altercation broke out between him and several neighbors. Jefferson Parish deputies responded to a call and eventually arrested OBrien on charges of public intimidation and disturbing the peace. He filed suit on August 29, 1996, for false arrest against Sheriff Harry Lee and the deputies, as well as a Kenner police officer, and against several of his neighbors for various other alleged torts. No service of this suit was then requested as to any party. An amended petition was filed three years later, on July 23, 1999, naming XYZ Insurance Co. and an additional non-governmental party as defendants.
| ¡¡Sheriff Harry Lee and his deputies urged a motion to dismiss based on plaintiffs failure to request service of process on these governmental agents or employees within 90 days of filing suit, as required by La. R.S. 13:5107D. That motion was granted after a contradictory hearing. Plaintiff has now appealed devolutively from that judgment. As far as can be determined from the record, the suit is still pending against all other named defendants.
The statute pertinent here is La. R.S. 13:5107, originally effective on May 9, 1996, and its amended version effective on January 1, 1998. The 1996 version provided that in all suits against certain governmental bodies and employees request for service had to be made within 90 days of filing suit. Failure to do so constituted grounds to have the suit dismissed by the governmental defendants. The 1998 version made several minor changes in the statute and further provided that this ‘amended and re-enacted’ version was to apply only to suits filed on or after its effective date of January 1,1998.
In Naquin v. Titan Indemnity Co., 00-1585 (La.2/21/01), 779 So.2d 704, plaintiffs suit had been filed after May 9, 1996, but before January 1, 1998. He failed to request service within 90 days of suit and the governmental defendant moved for dismissal, which was granted. On appeal he argued that the “amended and re-enacted” 1998 version effectively vacated the 1996 version, thus making the 90 day rule no longer applicable to suits filed between the 1996 and 1998 versions. The court disagreed, and held that the “amended and reenacted” language was simply a phrase routinely used in drafting statutes, and did not evince a clear legislative intent to vacate the 1996 statute. Because plaintiff makes a similar appeal to the 1998 statute as exempting his suit from the 90 day rule as to governmental entities, we must rule against him. We thus hold that his failure to timely request service as to Harry Lee, the Jefferson Parish Sheriffs Department Land the Jefferson Parish deputies properly resulted in his suit being dismissed against those defendants.
*82 However, we further rule that the judgment was improperly granted “with prejudice.” Section D(2) of La. R.S.13:5107 specifically provides that the remedy for failure to timely request service “shall be dismiss[al] without prejudice.” We therefore amend the judgment to provide that it be “without prejudice.” See Naquin v. Titan Indemnity Co, supra.
For the foregoing reasons, we amend the judgment to provide that it be “without prejudice,” and as amended affirm it.

JUDGMENT AMENDED AND AFFIRMED AS AMENDED.