PER CURIAM.
| )On January 7, 2008, the State of Louisiana, through the Department of Social Services, Office of Community Services (“OCS”) filed a petition for termination of parental rights against J.D., seeking to terminate her parental rights to her two minor children, J.J.W. and H.M.D. J.D. and her counsel were served and appeared at a hearing on January 24, 2008 to answer the petition. At that time, the trial date was set for March 13, 2008.
*130 After several continuances, the matter was set for trial on February 12, 2009. OCS served J.D. with notice of the trial on February 10, 2009. The trial commenced on February 12, 2009. J.D.’s court-appointed counsel appeared at trial, but J.D. did not. At that time, J.D.’s counsel orally moved for a continuance on the ground that J.D. did not receive proper notice of the hearing. Specifically, J.D.’s counsel stated J.D. was only served with notice of the hearing through domiciliary service two days before the hearing. The juvenile court denied the motion, and the case proceeded to trial. At the conclusion of trial, the juvenile court terminated J.D.’s parental rights.
J.D. appealed. She assigned several errors, including an argument that the juvenile court erred in denying her motion for continuance.
The court of appeal found merit to J.D.’s arguments regarding lack of proper notice and pretermitted her other assignments of error. Relying on La. Ch.Code art. 1021, the court of appeal reasoned that J.D. was entitled to notice five days before the termination hearing. Because J.D. received notice only two days before the hearing, | athe court of appeal concluded the juvenile court erred in denying her request for continuance. Accordingly, the court of appeal reversed the judgment of the juvenile court and remanded for further proceedings. OCS now seeks review of that judgment.
La. Ch.Code art. 1021 provides, “[i]f a parent against whom a proceeding is instituted resides within the state, service of citation shall be made either personally or by domiciliary service not less than five days prior to commencement of the hearing on the matter.” [emphasis added]. For purposes of the instant case, the dispute centers on the “hearing” to which La. Ch.Code art. 1021 refers. OCS takes the position that the hearing referred to by the article is the so-called “answer hearing,” at which the parent appears to answer the allegations in the petition for termination, and at which time the trial is set.[1] By contrast, J.D. contends the article refers to all hearings conducted in connection with the termination proceeding, including the trial.
We believe OCS’s interpretation is correct. In this regard, we find it significant that La. Ch.Code art. 1021 refers to “service of citation.” It is well-settled that “proper citation is the foundation of all actions.” [emphasis added]. Naquin v. Titan Indemnity Co., 00-1585 at p. 8 (La.2/21/01), 779 So.2d 704, 710. Read in context, it is obvious that the “hearing” referred to by La. Ch.Code art. 1021 is the initial “answer hearing” at which the trial date is set. Because it is undisputed that J.D. and her attorney received proper notice of this initial hearing and appeared at the hearing where the trial date was set, we conclude the requirements of La. Ch. Code art. 1021 have been fully satisfied in this case. We see nothing in La. Ch.Code art. 1021 which requires that subsequent notices adhere to the rigorous mandates of that article. See State of Louisiana in the Interest of S.F., 01-702 at p. 13 (La. *131 App. 5 Cir. 11/14/01), 802 So.2d 791, 797 (holding that La. Ch.Code art. 1022, the analogous article dealing with non-resident parents, applied only to the institution of the proceedings, and did not apply to the service of an amended petition for termination).
Under these circumstances, we find no abuse of discretion in the juvenile court’s ruling denying J.D.’s request for continuance. The court of appeal erred in reversing the judgment of the juvenile court on this ground. Accordingly, we will grant the writ, vacate the judgment of the court of appeal, and remand the case to the court of appeal to consider J.D.’s remaining assignments of error.
DECREE
For the reasons assigned, the writ is granted. The judgment of the court of appeal is vacated and set aside. The case is remanded to the court of appeal for consideration of the remaining assignments of error.
JOHNSON, J., dissents.

. La. Ch.Code art. 1025.1 provides:
Art. 1025.1. Appearance to answer petition
A.The court shall require the parent to appear in person to answer the petition within fifteen days after the filing of the petition.
B. The court may also permit the parent to consent to judgment in accordance with Article 1025.2 or execute a surrender for adoption in accordance with Article 1122.
C. At the appearance the court may either convene immediately the pre-hearing conference required by Article 1025.4 or set a date for the conference.