TERRI F. LOVE, Judge.
|,Michelle lies filed this appeal to have this Court determine whether La.R.S. 13:5106 B(3)(c) allows the State of Louisiana’s excess insurer, American Alternative Insurance Corporation (AAIC), to pay awards of future medical care expenses and for future attendant care, with interest, directly to her, or immediately to the Future Medical Care Fund.
Alternatively, Ms. lies contends the trial court erred by failing to find that La.R.S. 13:5106 B(3)(c) is unconstitutionally vague, constitutes an unconstitutional taking of property and/or violates her right to due process. She further argues the hourly rates awards of $10.00 for family member care givers and $14.50 for commercial attendants were insufficient.
After conducting a de novo review, we affirm the judgment of the trial court and find that the trial court did not err in denying, in part, Ms. lies’ “Motion to Transfer American Alternative Insurance Corporation Funds to ‘Future Medical Care Fund’ and to Provide Medical Care and Related Benefits as Ordered in the Judgment” and finding that she is not entitled to have the funds transferred immediately to the Future Medical Care Fund or directly to her. Consequently, we find that the trial court did not err by dismissing her “Rule to Show Cause Why ^Surety, Great American Insurance Company, Should Not Be Cast in Judgment and Ordered to Pay Plaintiffs Future Medical Care and Related Benefits.”
We also find that because a plaintiffs future medical care and related benefits can be paid to the provider only as they are incurred, the State cannot pay any future medical expenses or future attendant care expenses until those expenses are incurred.
We further find that the constitutionality of La.R.S. 13:5106 is not properly before this Court.
We also affirm the hourly rates of $10.00 for family care attendants and $14.50 for in-house commercial attendants, which are subject to inflation adjustments pursuant to The Louisiana Administrative Code, Title 37, Part III, Chapter 19, Section 1917(B)(2).
FACTS AND PROCEDURAL HISTORY
On April 30, 2004, Michelle lies and her husband, Carl E. Muckley, were involved in an automobile accident on 1-10 westbound in Ascension Parish as they were traveling to Houston, Texas. Ms. lies was a guest passenger in the vehicle. The accident occurred when Dr. Roger H. Ogden II’s vehicle crossed the median, while traveling east on 1-10, and collided with Mr. Muckley’s vehicle. Mr. Muckley died at the scene of the accident. As a result of the accident, Ms. lies became permanently disabled and will need attendant care for the remainder of her lifetime. See lies v. Ogden, 09-0820 (La.App. 4 Cir. 2/26/10), 37 So.3d 427, writs denied, 10-0863 (La.9/3/10), 44 So.3d 694 and 10-0986 (La.9/3/10), 44 So.3d 695.
Ms. lies filed suit against Dr. Ogden, his employer, the State of Louisiana through LSU Health Sciences Center, and LSUHSC’s insurer, AAIC. The district Iscourt held the defendants liable for the *1038 damages suffered by Ms. lies, including substantial future medical expenses and future attendant care. The original decision was previously appealed and was modified. The present appeal concerns the manner by which the judgment will be executed.
Ms. lies asserts that AAIC and Great American Insurance Company, AAIC’s surety for its appeal bond, refused to pay the awards of future medical expenses and future attendant care, claiming that they receive the benefit provided by La. R.S. 13:5106 B(3)(c) and, therefore, will pay the judgment only after the future expenses are incurred. After the defendants refused to pay the judgment, Ms. lies filed a “Rule to Show Cause Why Surety, Great American Insurance Company, Should Not Be Cast in Judgment and Ordered to Pay Plaintiffs Future Medical Care and Related Benefits” and a “Motion to Transfer American Alternative Insurance Corporation Funds to ‘Future Medical Care Fund’ and to Provide Medical Care and Related Benefits as Ordered in the Judgment.”
The trial court held a hearing, and during that hearing, Ms. lies argued for all the funds due under the judgment to be transferred to the Future Medical Care Fund (FMCF) forthwith. The court dismissed Ms. lies’ rule to show cause and denied, in part, the motion to transfer funds. The motion to transfer funds was denied to the extent that it requested a transfer of funds, but the trial court granted the portion of the motion requesting that future attendant care be paid at a rate of $10.00 per hour for family member care givers and $14.50 per hour should Ms. lies choose to hire an attendant from a commercial entity.
Ms. lies now appeals and specifically asks this Court to decide whether AAIC and/or its surety, Great American, obtained the benefits given exclusively to the state and municipalities under La.R.S. 13:5106 B(3)(c). Alternatively, she asks |4this Court to determine if AAIC and/or its surety should be ordered to pay future medical attendant care sums to the FMCF. Ms. lies additionally challenges the constitutionality of La.R.S. 13:5106 B(3)(c).
LAW AND DISCUSSION

Standard of Review

This case involves the interpretation of a statute, La.R.S. 13:5106 B(3)(e), which is a legal question. Legal questions are reviewed utilizing the de novo standard of review. Cleco Evangeline, LLC v. Louisiana Tax Comm’n, 01-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353.

Transfer of Funds

Michelle lies avers the trial court erred by dismissing her “Rule to Show Cause Why Surety, Great American Insurance Company, Should Not Be Cast in Judgment and Ordered to Pay Plaintiffs Future Medical Care and Related Benefits” and her “Motion to Transfer American Alternative Insurance Corporation Funds to ‘Future Medical Care Fund’ and to Provide Medical Care and Related Benefits as Ordered in the Judgment.” She contends that future medical expenses and future related benefits, along with accumulated interest should be paid immediately to her in a lump sum. We disagree.
In a November 12, 2010 Judgment, the trial court denied, in part, Ms. lies’ “Motion to Transfer American Alternative Insurance Corporation Funds to ‘Future Medical Care Fund’ and to Provide Medical Care and Related Benefits,” ordering that AAIC funds “are not to be transferred.” The trial court granted the motion in part and ordered that payment for future attendant care “should be paid at a *1039 rate of $10.00 per hour for family members and, $14.50 should plaintiff choose to hire an attendant from a commercial entity as the original judgment so ordered.” Without | .^providing written reasons, the trial court dismissed Ms. lies’ “Rule to Show Cause Why Surety, Great American Insurance Company, Should Not Be Cast in Judgment and Ordered to Pay Plaintiffs Future Medical Care and Related Benefits.” However, after at the conclusion of the hearing, the trial court stated:
I think I’m really inclined to dismiss your rules simply because I think your client is protected by the judgment. I think for this court now to give a different interpretation of that judgment is not quite what’s before the court.
Ms. lies’ primary argument during the November 3, 2010 hearing was that AAIC should be ordered to immediately produce all the money awarded to her in the original judgment and to immediately transfer those funds into the Future Medical Care Fund (FMCF). There were concerns raised that such a transfer was required in order to protect Ms. lies from the demise of AAIC or the State of Louisiana. Ms. lies also argued that Great American Insurance Company, which issued AAIC’s appeal bond, should have to pay her future medical care expenses and related benefits.
Throughout the proceeding, Ms. lies sought to have the trial court interpret its previous judgment which had been subsequently affirmed, in part, by this Court. See lies v. Ogden, 09-0820 (La.App. 4 Cir. 2/26/10), 37 So.3d 427, writs denied, 10-0863 (La.9/3/10), 44 So.3d 694 and 10-0986 (La.9/3/10), 44 So.3d 695. Notwithstanding Ms. lies’ arguments, the trial court determined that it had a “valid judgment, ... a final judgment.” The trial court concluded the Patient’s Compensation Fund did not have “anything to do with this.” We agree.
Before the trial court, Ms. lies primarily argued only for the transfer of funds to the FMCF. As a part of that argument, she sought to have the trial court determine whether La.R.S. 13:5106 B(3)(c) applies to the State’s excess insurer, |fiAAIC, and erroneously argued that Naquin v. Titan Indemnity Co., 00-1585 (La.2/21/01), 779 So.2d 704, allowed the trial court to except AAIC from the provisions of La. R.S. 13:5106 B(3)(e) and would allow the awards to be immediately transferred to the FMCF. We disagree.
In Naquin, the supreme court granted certiorari to consider the applicability of La. R.S. 13:5107 D to suits in which the cause of action arose prior to the effective date of the statute, but were filed after its effective date. Additionally, the supreme court determined whether the statute, which authorizes dismissal of a suit as to the state, state agency, or political subdivision or any officer or employee thereof when a plaintiff fails to request service of citation within ninety days of the filing of the initial pleading naming such governmental defendant, applies to governmental insurers.
We find that Naquin is inapplicable to the ease at hand.
La.R.S. 13:5106 B(3)(c) specifically provides, in pertinent part:
In any suit for personal injury against the state or a state agency wherein the court pursuant to judgment determines that the claimant is entitled to medical care and related benefits that may be incurred subsequent to judgment, the court shall order that all medical care and related benefits incurred subsequent to judgment be paid from the Future Medical Care Fund as provided in R.S. 39:1533.2. Medical care and relat *1040 ed benefits shall be paid directly to the provider as they are incurred.... (Emphasis added).
Clearly, a plaintiffs future medical care and related benefits can be paid to the provider only as they are incurred; therefore, the State cannot pay any future medical expenses or future attendant care expenses until those expenses are incurred.
|7We find that because Ms. lies is only entitled to have her future medical expenses paid from the FMCF as they are incurred and submitted by the providers for payment, she has not suffered any loss of use of the money. Additionally, the purpose of La.R.S. 13:5106 B(3)(c) would be frustrated by paying the funds directly to Ms. lies.
We affirm the trial court’s partial denial of her “Motion to Transfer American Alternative Insurance Corporation Funds to ‘Future Medical Care Fund’ and to Provide Medical Care and Related Benefits as Ordered in the Judgment.” Accordingly, we also find that the trial court did not err by dismissing her “Rule to Show Cause Why Surety, Great American Insurance Company, Should Not Be Cast in Judgment and Ordered to Pay Plaintiffs Future Medical Care and Related Benefits.”

Timeliness of Challenge of the Procedural Application of La.R.S. 13:5106 B(3)(c)

Ms. lies acknowledges that a final money judgment has been cast in this case by this Court against Dr. Ogden, the State of Louisiana and AAIC. Iles v. Ogden, 09-0820 (La.App. 4 Cir. 2/26/10), 37 So.3d 427, writs denied, 10-0863 (La.9/3/10), 44 So.3d 694 and 10-0986 (La.9/3/10), 44 So.3d 695. In that case, the judgment included the following paragraph:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the future medical expenses of $290,999.62 and the future related benefits (attendant care) of $3,127,768.58 awarded to the plaintiff, Michelle lies, shall he paid in accordance with the provisions of Louisiana Revised Statutes 13:5106(B)(S)(c)[1]
(Boldtype in original; emphasis added).
IsHowever, Ms. lies sought to have the trial court interpret its 2008 original and final judgment, and make a determination about the procedure established by La. R.S. 13:5106 B(3)(c) for the payment of future medical care. She now seeks a review from this Court regarding the procedural application of that statute. We decline her request because this issue is not appropriately before this Court.
It is well-settled that a judgment that has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law. Bourgeois v. Kost, 02-2785, p. 7 (La.5/20/03), 846 So.2d 692, 696. Likewise, the trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error. Id.
La.C.C.P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
(Emphasis added).
An amendment which “adds to, subtracts from, or in any way affects the substance of the judgment” is considered to be a substantive amendment to a judgment. Palmer v. Leclercq, 07-0604, p. 6
*1041 (La.App. 4 Cir. 9/24/08), 996 So.2d 21, 25; Nichols v. Nichols, 08-0207, p. 4 (La.App. 4 Cir. 1/14/09), 4 So.3d 134, 136. Accordingly, a substantive amendment, such as the one sought by Ms. lies, is not authorized by the plain language of Article 1951. Denton v. State Farm Mut. Auto. Ins. Co., 08-0483, p. 6 (La.12/12/08), 998 So.2d 48, 52 (recognizing that “[i]t is well established that Article 1951 contemplates the correction of a ‘clerical error’ in a final judgment, but does not authorize substantive amendments”).
|¡,To alter the substance of a judgment, the proper recourse is a timely application for new trial, an action for nullity, or a timely appeal. Palmer, p. 6, 996 So.2d at 25.
Accordingly, we affirm the trial court’s judgment denying Ms. lies immediate, lump sum transfer to the FMCF for her future medical expenses and related care.

Constitutionality of La.R.S. 13:5106 B(3)(c)

Ms. lies now contends the trial court erred by failing to find that La.R.S. 13:5106 B(3)(c) is unconstitutionally vague, constitutes an unconstitutional taking of property and/or violates her right to due process. After a review of the record, we find this argument was not presented to the trial court, and therefore, is not properly before this Court.
In Istre v. Meche, 00-1316, pp. 3-4, (La.10/17/00), 770 So.2d 776, 779, the Louisiana Supreme Court stated:
Generally, a court should not reach the question of a statute’s constitutionality when its unconstitutionality has not been placed at issue by one of the parties to a proceeding. A judge should not declare a statute unconstitutional until the issue of its constitutionality has been presented because a judge’s sua sponte declaration of unconstitutionality is a derogation of the strong presumption of constitutionality accorded legislative enactments. While there is no single procedure for assailing the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. This court has articulated this burden as composed of three tiers: “First of all, the plea of unconstitutionality must first be made in the trial court. Next, the plea of unconstitutionality must be specially pleaded. Finally, the grounds outlining the basis of unconstitutionality must be particularized.” These procedural rules exist to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. This opportunity to fully brief and argue the issue provides the trial court with thoughtful and complete arguments relative to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to adjudge the constitutionality of the statute.
11(/Citations omitted).
In this case, there were no pleadings filed by Ms. lies regarding the constitutionality of La.R.S. 13:5106 B(3)(c). Therefore, the trial court could not have erred in not determining the statute’s constitutionality. The issue is not properly before this Court.

Sufficiency of Numerical Award

This Court’s review of the record shows that there was no argument during the November 3, 2010 hearing by Ms. lies that inflation adjustment had to be applied to the payment of future medical care. She raises this issue for the first time on appeal. It was the trial court which noted the future attendant care awards as a rea *1042 son for granting, in part, Ms. lies’ “Motion to Transfer American Alternative Insurance Corporation Funds to ‘Future Medical Care Fund’ and to Provide Medical Care and Related Benefits as Ordered in the Judgment.” The court ordered that payment for future attendant care should be paid at a rate of $10.00 per hour for family members and, $14.50 should plaintiff choose to hire an attendant from a commercial entity “as the original judgment so ordered.”
The State did not appeal the trial court’s judgment regarding the future attendant care rates.
In accordance with well-established law, much discretion is left to the judge or jury in its assessment of quantum, both general and special damages. La. Civ.Code. art. 2324.1 (“In the assessment of damages in cases of offenses, quasi offenses ... much discretion must be left to the judge or jury.”) Guillory v. Lee, 09-0075, p. 14 (La.6/26/09), 16 So.3d 1104, 1116. As a determination of fact, a judge’s or jury’s assessment of quantum, or the appropriate amount of damages, is 111one entitled to great deference on review. Id. The quantum of damages is a finding of fact and will be overturned only if we find that the award is contrary to the evidence in the record or otherwise constitutes an abuse of the fact-finder’s discretion. See Id.
The Louisiana Administrative Code, Title 37, Part III, Chapter 19, Section 1917(B)(2) provides:
However, notwithstanding the foregoing, future nursing or sitter care provided, after the effective date of the amended rules which provide for inflationary adjustments, by members of the patient’s family or household will be funded at a rate not to exceed the equivalent of $6 per hour plus inflation at the annual consumer price index published by the United States Bureau of Labor Statistics for each year between the year of original publication of the rate (1993) and the date of service, regardless of the licensure or qualification of the provider.
Section 1917(B)(2) allows inflationary adjustments for the payments to attendant providers. Therefore, the State is statutorily required to pay Ms. lies’ attendants inflation-adjusted rates based upon the trial court’s judgment rates of $10.00 per hour for family members and $14.50 per hour for commercial in-home attendants.
We affirm trial court’s previous awards of the hourly rates of $10.00 for family care attendants and $14.50 for in-house commercial attendants.
DECREE
Based upon the facts, law and discussion, we affirm the judgment of the trial court and find that the trial court did not err in partially denying Ms. lies’ “Motion to Transfer American Alternative Insurance Corporation Funds to ‘Future Medical Care Fund’ and to Provide Medical Care and Related Benefits as Ordered in the Judgment” and find that she is not entitled to have the funds transferred immediately to the Future Medical Care Fund or directly to her. Accordingly, we Lgfind that the trial court did not err by dismissing her “Rule to Show Cause Why Surety, Great American Insurance Company, Should Not Be Cast in Judgment and Ordered to Pay Plaintiffs Future Medical Care and Related Benefits.”
We further find that because a plaintiffs future medical care and related benefits can be paid to the provider only as they are incurred, the State cannot pay any future medical expenses or future attendant care expenses until those expenses are incurred.
*1043 We further find that the constitutionality of La.R.S. 13:5106 B(3)(c) is not properly before this Court.
We also affirm the hourly rates of $10.00 for family care attendants and $14.50 for in-house commercial attendants, which are subject to inflation adjustments pursuant to the Louisiana Administrative Code, Title 37, Part III, Chapter 19, Section 1917(B)(2).
AFFIRMED.
TOBIAS, J., concurs.
BONIN, J., concurs in the results with reasons.

. The correct citation is La.R.S. 13:5106 B(3)(c).