761 So.2d 504 (2000)
Tammy LANGLOIS in her own right and on Behalf of the Minor, Krystal Martin
v.
EAST BATON ROUGE PARISH SCHOOL BOARD and Nita K. Braud.
No. 99-CA-2007.
Supreme Court of Louisiana.
May 16, 2000.
*505 Karen Denise Murphy, Baton Rouge, Veronica Lynn Howard, Baker, Richard P. Ieyoub, Attorney General, James Carl Hrkicka, II, Counsel for Applicant.
Richard Mark Upton, Baton Rouge, Counsel for Respondent.
PER CURIAM.[*]
The East Baton Rouge Parish School Board invokes the appellate jurisdiction of this court to review a ruling of the district court declaring La. R.S. 13:5107(D), as it was in effect between May 9, 1996 and January 1, 1998, unconstitutional. For the reasons assigned, we vacate the judgment below and remand the case to the district court for further proceedings.

FACTS AND PROCEDURAL HISTORY
On September 5, 1996, Krystal Martin, a minor, was injured while riding on a school bus owned by the East Baton Rouge Parish School Board ("school board") and driven by its employee, Nita Braud. On September 5, 1997, Tammy Langlois, Krystal's mother, filed suit against the school board and Ms. Braud. In her petition, plaintiff requested that service upon the defendants be withheld. On July 22, 1998, more than ten months after the filing of the petition, plaintiff requested that the defendants be served. Service was accomplished upon the school board on August 5, 1998, and upon Ms. Braud on August 10, 1998.
On September 4, 1998, defendants filed a declinatory exception raising the objection of insufficiency of service of process. In support, defendants argued plaintiffs suit should be dismissed without prejudice because she failed to request service of citation within ninety days of filing the petition, as required by La. R.S. 13:5107(D).[1]
In response, plaintiff amended her petition to raise a constitutional challenge to La. R.S. 13:5107(D). Specifically, plaintiff argued that on January 1, 1998, La. R.S. 13:5107(D) was amended to allow a party to make a showing of "good cause" why service could not be requested. She contended that because the prior version of La. R.S. 13:5107(D) did not contain this requirement, the statute had a discriminatory effect upon the class of persons who filed suits against the state or another governmental defendant between May 9, 1996, the effective date of the original version of La. R.S. 13:5107(D), and January 1, 1998, the effective date of the amendment.
After a hearing, the district court overruled defendants' exception and declared La. R.S. 13:5107(D), as it was in effect between May 9, 1996 and January 1, 1998, unconstitutional on equal protection grounds. In its reasons for judgment, the district court found "no compelling state interest that would subserve the treating *506 of this particular classification disparagingly."
Defendants sought review of the district court's ruling in this court. We ordered the matter docketed as an appeal pursuant to La. Const. art. V, § 5(D).[2]

DISCUSSION
In order to understand the issues presented, some background is necessary. Prior to 1996, there was no requirement that service of citation upon a governmental defendant be requested within any specified time. In 1996, the legislature enacted Act 63 of the First Extraordinary Session ("Act 63"), which created La. R.S. 13:5107(D) and imposed a requirement that service upon governmental defendants be requested within ninety days of the filing of the petition.
As originally drafted, Act 63 provided: "[t]his provision shall be operative without formal order, but, on ex parte motion of any party or interested person, the trial court shall enter a formal order of dismissal as of the ninety-first day after the filing." However, prior to passage, the legislature eliminated the language allowing dismissal on an ex parte basis and instead imposed a requirement that dismissal occur only after a contradictory hearing. As finally enacted by Act 63, La. R.S. 13:5107(D) provided in pertinent part:
If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. [emphasis added]
Thereafter, the legislature made certain changes to La. R.S. 13:5107(D) in Acts 1997, No. 518 ("Act 518"), which became effective January 1, 1998.[3] For purposes of this case, the principal change made in Act 518 was to add La. R.S. 13:5107(D)(2), which provides:
If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
At the same time, the legislature enacted La.Code Civ. P. art. 1672(C), which allows a party to make a showing of "good cause" why service could not be requested. Section 5 of Act 518 specifically makes these amendments applicable only to suits filed on or after January 1, 1998, the effective date of the act. Therefore, plaintiff argues, and the district court found, that a person such as plaintiff, who filed suit after the effective date of Act 63 but prior to the effective date of Act 518, is treated differently than a person who filed suit after the effective date of Act 518, because the former did not have an opportunity to make a showing of good cause.
Pretermitting the merits of this argument, we find the district court was premature in reaching the issue of the constitutionality of the statute prior to holding the contradictory hearing required by the version of La. R.S. 13:5107(D) in effect at the time suit was filed in this case. It is well settled that courts should avoid constitutional rulings when the case can be disposed of on non-constitutional grounds. Cat's Meow, Inc. v. City of New Orleans, 98-0601 (La.10/20/98), 720 So.2d 1186; Blanchard v. State, 96-0053 (La.5/21/96), 673 So.2d 1000; see also Communist Party v. Subversive Activities Control Bd., 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961) (citing Liverpool, New York & Philadelphia S.S. Co. v. Commissioners, *507 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885)). Without a contradictory hearing in the record, it is impossible for us to determine whether defendants were entitled to the relief they sought. Should defendants be unable to prevail at the contradictory hearing, the constitutional issue would be rendered moot.
Plaintiff acknowledges that no contradictory hearing was held, but argues that such a hearing would be pointless and only perfunctory in nature, because she could not raise any defenses for her failure to serve. We disagree. The requirement of a contradictory hearing in the version of La. R.S. 13:5107(D) in effect at the time of this case is significant, because under La. Code Civ. P. art. 963, a contradictory hearing is only required when the mover seeks relief to which he or she "is not clearly entitled, or which requires supporting proof...."
As the legislative history of Act 63 suggests, the legislature specifically rejected the concept that a suit could be dismissed under La. R.S. 13:5107(D) on an ex parte basis and instead imposed a specific requirement that such suits could only be dismissed after contradictory hearing. We are bound to give effect to all parts of a statute and cannot give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122; First Nat'l Bank of Boston v. Beckwith Mach. Co., 94-2065 (La.2/20/95), 650 So.2d 1148. Accordingly, we must conclude that the legislature, by requiring a contradictory hearing prior to dismissal under La. R.S. 13:5107(D), intended for that hearing to serve a function.[4]
In sum, we conclude the district court erred in reaching the constitutionality of La. R.S. 13:5107(D) before conducting a contradictory hearing as mandated by that statute. Accordingly, we must vacate the judgment of the district court declaring the statute unconstitutional, and remand the case to the district court to conduct a contradictory hearing.

DECREE
For the reasons assigned, the judgment of the district court declaring La. R.S. 13:5107(D) unconstitutional is vacated and set aside. The case is remanded to the district court for further proceedings not inconsistent with this opinion.
NOTES
[*] Victory, J., not on panel. Rule IV, Part II, § 3.
[1] At the time plaintiff filed her suit, La. R.S. 13:5107(D) provided:

In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names a state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, or political subdivision or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof. The effect of interruption of prescription as to other persons shall not be affected thereby.
[2] Langlois v. East Baton Rouge Parish Sch. Bd., 99-2007 (La.10/15/99), 748 So.2d 1153.
[3] Act 518 also enacted La.Code Civ. P. art. 1201(C), requiring that service of citation be requested upon all named defendants within ninety days of commencement of the action.
[4] We need not resolve at this time whether plaintiff may attempt to raise a good cause defense at the contradictory hearing. Although we acknowledge the good cause requirement was not expressly imposed until Act 518 was enacted, the district court on remand can determine whether, before Act 518, it had the inherent authority in the context of the contradictory hearing to find the plaintiff had good cause for not requesting service within ninety days. In any event, the parties will have an adequate opportunity to address this issue on remand.