I «PER CURIAM.
This matter is before us on an application for supervisory writs wherein relators, the defendants East Baton Rouge Parish School Board and Nita K. Braud, seek review of the trial court’s judgment denying their exception of insufficiency of service of process pursuant to La. R.S. 13:5107(D). Defendants contend that the court erred in not granting the exception because they proved that plaintiff failed to request service within ninety days as required by the statute. Finding error in the denial of the exception, we grant the writ.

FACTS

Plaintiff, Tammy Langlois in her own right and on behalf of the minor child Krystal Martin, filed suit against defendants, the East Baton Rouge Parish School Board (School Board) and its employee, Nita K. Braud, on September 5, 1997. Plaintiff sought damages arising out of a vehicular accident on September 5, 1996, in which her daughter was injured while riding a school bus owned by the School Board and operated by Braud, which collided with another vehicle also owned by the School Board. Plaintiff requested that service be withheld. Plaintiff did not request service until July 22, 1998. Defendants filed a “Declinatory Exception of Insufficiency of Service of Process” based on La. R.S. 13:5107(D),[1] which re *276 quires that service be requested within ninety days of filing suit on | sa governmental entity. Plaintiff amended her petition to allege that La. R.S. 13:5107(D) was unconstitutional and sought to make the Attorney General a defendant. More specifically, plaintiff contended that effective January 1, 1998, La. R.S. 13:5107(D) was amended to allow a party to make a showing of “good cause” why service could not be requested. She contended that because the prior version of La. R.S. 13:5107(D) did not contain this requirement, the statute had a discriminatory effect upon the class of persons who filed suits against the state or another governmental defendant between May 9, 1996, the effective date of the original version of La. R.S. 13:5107(D), and January 1, 1998, the effective date of the amendment.
The trial court denied defendants’ exception; the trial court later signed an amended judgment, stating that the exception was dismissed “on the basis that La. R.S 13:5107(D) as it was in effect between May 9, 1996 and January 1, 1998 violated the plaintiffs’ [sic] rights to equal protection of the laws under the Louisiana Constitution and the United States Constitution.” Defendants sought writs from the trial court’s denial of the exception. This court granted writs for the sole purpose of transferring the matter to the Louisiana Supreme Court. See La. Const. art. V, § 5(D); La. C.C.P. art. 2162. See also La. R.S. 13:4441.
The supreme court held that the district court was premature in reaching the issue of the constitutionality of the statute prior to holding the contradictory hearing required by the version of La. R.S. 13:5107(D) in effect at the time suit was filed in this case and pretermitted the merits of the constitutionality issue. Langlois v. East Baton Rouge Parish School Bd., 99-2007, pp. 4-6 (La.5/16/2000), 761 So.2d 504, 506-507. The court said, “Without a contradictory hearing in the record, it is impossible for us to determine whether defendants were entitled to the relief they sought. Should defendants be unable to prevail at the contradictory hearing, the constitutional issue would be rendered moot.” Langlois, 99-2007 at p. 5, 761 So.2d at 507. The court vacated the judgment of the district court declaring the statute unconstitutional and remanded the case to the district court to conduct a contradictory hearing. Langlois, 99-2007 at p. 6, 761 So.2d at 507. The court said,
We need not resolve at this time whether plaintiff may attempt to raise a good cause defense at the contradictory hearing. Although we acknowledge the good cause requirement was not expressly imposed until Act 518 was enacted, the district court on remand can determine whether, before Act 518, it had the inherent authority in the context of the contradictory hearing to find the plaintiff had good cause for not requesting service within ninety days. In any event, the parties will have an adequate opportunity to address this issue on remand.
Langlois, 99-2007 at p. 5, footnote 4, 761 So.2d at 507.
*277 Defendants filed a motion for rehearing of their exception in the trial court, contending that service was not requested on them within the ninety days required by the statute. Plaintiff contended that implicit in the statute was a good cause exception for failure to timely request service, that good cause existed in this case, and that, if there was no good cause exception, the statute was unconstitutional. Plaintiff attached a copy of defendants’ responses to requests for admissions wherein defendants admitted that the School Board received notice of the accident at issue within seventy-two hours of its occurrence; that the accident was between two school buses owned by the School Board; and that the School Board received notice within one month of the accident that plaintiffs claim for damages existed. In response to a request for production that the School Board produce copies of all correspondence received by defendants or anyone acting on their behalf from plaintiffs counsel on behalf of or pertaining to the claims at issue in this suit, the School Board attached a letter from plaintiffs counsel dated November 12,1997 to Ms. Jane Guidry, a claim representative of Gallagher Bassett Services, Inc. regarding her client, the School Board. The letter states that enclosed was a copy of the petition for damages per Ms. Guidry’s request.[2]
|sThe court held a hearing. Defendants allege that at the hearing they submitted a copy of the petition showing the filing date of September 5, 1997 and a copy of the letter from plaintiffs counsel to the Clerk of Court dated July 22, 1998 wherein service was requested on defendants for the first time.[3] The court then on its own motion ordered another hearing to address the issue of whether it had discretion to find good cause for a party’s failure to comply with the service requirements of La. R.S. 13:5107(D) as enacted in 1996. The court signed a judgment which stated:
[T]he court finds that La. R.S. 13:5107(D) as it existed at the time of the commencement of the existing action by the filing of the petition did not expressly or impliedly provide for a good cause hearing. Accordingly, the court’s previous judgment dismissing defendant’s exception is reaffirmed and the exception is overruled.
Defendants seek writs from the trial court’s ruling. The trial court also returned defendants’ draft of a proposed judgment (which basically only stated that defendant’s exception was denied) with the word “DENIED” stamped across the body of the judgment. Defendants then submitted a motion for time within which to file supervisory writs with the Louisiana Supreme Court on the basis that the trial court was reaffirming its prior ruling in which it found La. R.S. 13:5107(D) as enacted in 1996 unconstitutional. The court denied the motion, noting “constitutionality not considered in accordance with Supreme Court Order of remand.”

DISCUSSION

In a recent case, Naquin v. Titan Indemnity Co., 00-1585, pp. 2-3 (La.2/21/01), *278 779 So.2d 704, 707, suit was filed on March 17, 1997, ten months after the effective date of La. R.S. 13:5107(D); service of process was requested in March, 1998. In upholding the trial court’s dismissal of the suit, the supreme court held that pursuant to La. R.S. 13:5107(D), as originally enacted, the plaintiff was required to request service of process | ¿within ninety days of the filing of his petition because the statute applied to suits filed after its effective date. Naquin, 00-1585 at pp. 5-6, 779 So.2d at 704. The court found that the subsequent amendment and reenactment of La. R.S. 13:5107(D) by Act 518 had no bearing on the case because Act 518 only applies to cases filed on and after January 1, 1998, its effective date. Naquin, 00-1585 at p. 6-7, 779 So.2d at 709.
In the case at bar, defendants established that plaintiffs petition was not filed until more than one year after the effective date of the 1996 amendment of La. R.S. 13:5107(D), and service was not requested by plaintiff on defendants within the ninety day time period. Therefore, based on the Naquin case, the 1996 version of La. R.S. 13:5107(D) applies to the case at bar and plaintiff was required to request service of process within ninety days of filing suit. As in Naquin, the 1997 amendment does not apply to the factual circumstances in this case because suit was filed after the effective date of La. R.S. 13:5107(D) as originally enacted and before the effective date of Act 518.
Defendants contend that even if the court had determined it had discretion to find good cause for plaintiffs failure to timely request service, plaintiff did not demonstrate good cause. We agree. In Naquin, the supreme court rejected plaintiffs claim that defendants’ knowledge of the pending suit satisfied plaintiffs obligation to timely request service. 00-1585 at p. 8, 779 So.2d at 710. Plaintiff argued that adjusters for the governmental defendant and its insurer knew about the suit and had received courtesy copies of the petition, and that a request for service within ninety days was thus unnecessary. Naquin, 00-1585 at p. 8, 779 So.2d at 710. The supreme court commented, “it is well-accepted that even a defendant’s actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions.” Naquin, 00-1585 at p. 8, 779 So.2d at 710.
In Naquin, the court also rejected plaintiffs argument that the purpose of the request for service requirement, the avoidance of stale claims against the government, was satisfied because he promptly provided the defendants with a copy of the petition. 1700 — 1585 at p. 9, 779 So.2d at p. 710. The court concluded, “Had the legislature wished for § 5107(D) to require mere informal notice within ninety days rather than a request for service of citation, it could have so provided. Section 5107(D) specifically requires that service of citation be requested within ninety days of the filing of the pleading naming a governmental defendant.” Naquin, 00-1585 at p. 10, 779 So.2d at 710.
Likewise, in the case at bar, defendants’ admission that the School Board had knowledge of the claim for damages and the plaintiffs allegation that the School Board’s adjuster had a copy of the petition do not excuse plaintiff from the requirement to timely request service. Therefore, regardless of whether La. R.S. 13:5107(D) as it applied to this suit made provision for plaintiff to show good cause for failure to timely request service, plaintiff failed to demonstrate good cause.

CONCLUSION

The trial court erred in denying defendants’ exception of insufficiency of service of process. The trial court held a contra- *279 dietory hearing as required by La. R.S. 13:5107(D). Defendants established that plaintiffs petition was filed after the effective date of La. 13:5107(D), but that plaintiff did not request service within ninety days from the filing of the petition. We pretermit the issue of whether La. R.S. 13:5107(D) as enacted in 1996 entitled plaintiff to show good cause for failure to request service. Regardless of whether La. R.S. 13:5107(D) as originally enacted allowed plaintiff to show good cause for failure to timely request service, plaintiff did not demonstrate good cause.
The trial court’s ruling overruling defendants’ exception is reversed and judgment is rendered in favor of defendants. This matter is remanded to the trial court for it to consider the constitutionality issue. Costs to be assessed to plaintiff.
WRIT GRANTED; REMANDED WITH ORDER.

. La. R.S. 13:5107, which was amended to add section D effective May 9, 1996, stated:
In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names a state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision or any officer or employee thereof, who has not been served. When the state, a state agency, or political subdivision or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, a state agency, or political subdivision, or any officer or employee thereof. The effect of interruption of prescription as to other persons shall not be affected thereby.
Thereafter, the legislature made certain changes to La. R.S. 13:5107(D) in 1997 La. Acts No. 518 ("Act 518”), which became effective January 1, 1998. For purposes of this case, the principal change made in Act 518 was to add La. R.S. 13:5107(D)(2), which provides:
*276 If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
At the same time, the legislature enacted La. C.C.P. art. 1672(C), which allows a party to make a showing of "good cause” why service could not be requested. Section 5 of Act 518 specifically makes these amendments applicable only to suits filed on or after January 1, 1998, the effective date of the act.

. Plaintiff's position before the trial court on remand differed from the position she took before the supreme court. The supreme court states in its opinion in Langlois, "Plaintiff acknowledges that no contradictory hearing was held, but argues that such a hearing would be pointless and only perfunctory in nature, because she could not raise any defenses for her failure to serve.”

. This court does not have a transcript of the hearing but defendants attached the petition and the request for service of process to the writ application; moreover, there is no dispute as to the failure of plaintiff to request service within ninety days.