hPER CURIAM.*
The East Baton Rouge Parish School Board invokes the appellate jurisdiction of this court to review a ruling of the district court declaring the 1996 version of La. R.S. 13:5107(D) unconstitutional. For the reasons assigned, we vacate the judgment below and remand the case to the district court for further proceedings.
FACTS AND PROCEDURAL HISTORY
The underlying facts are not disputed. On September 5, 1996, Krystal Martin, a minor, was injured while riding on a school bus owned by the East Baton Rouge Parish School Board (“School Board”) and driven by its employee, Nita K. Braud. On September 5, 1997, Tammy Langlois, Krystal’s mother, filed suit against the School Board and Ms. Braud. In her petition, plaintiff requested that service upon the defendants be withheld. On July 22, 1998, more than ten months after the filing of the petition, plaintiff requested that the defendants be served. Service was accomplished upon the School Board on August *1125 5, 1998, and upon Ms. Braud on August 10, 1998.
|90n September 4, 1998, defendants filed a declinatory exception raising the objection of insufficiency of service of process. Relying upon the provisions of Act 63 of the 1996 First Extraordinary Legislative Session (“Act 63”), which enacted Subsection D of La. R.S. 13:5107,[1] defendants argued that plaintiffs suit should be dismissed without prejudice because she failed to request service of citation within ninety days of filing the petition. On September 29, 1998, plaintiff amended her petition to raise a constitutional challenge to La. R.S. 13:5107(D). Specifically, plaintiff argued that the statute discriminates against the class of persons who filed suits against the state or another governmental defendant between May 9, 1996, the effective date of Act 63, and January 1, 1998, the effective date of Acts 1997, No. 518 (“Act 518”), which amended and reenacted La. R.S. 13:5107(D). For purposes of this case, the principal change made by Act 518 was to add Subsection 2 to Section D of the statute, which provided:
If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
|sAt the same time, the legislature enacted La.Code Civ. P. art. 1672(C), which allows a party to make a showing of “good cause” why service could not be requested. Section 5 of Act 518 specifically made these amendments applicable only to suits filed on or after January 1, 1998. Therefore, plaintiff argued that persons (like herself) who filed suit after the effective date of Act 63 but before the effective date of Act 518 are treated differently than persons who filed suit after the effective date of Act 518, because the former do not have an opportunity to make a showing of good cause.
After a hearing, the district court overruled defendants’ exception of insufficiency of service of process and declared La. R.S. 13:5107(D), as it was in effect between May 9, 1996 and January 1, 1998, unconstitutional on equal protection grounds. In its reasons for judgment, the district court found “no compelling state interest that would subserve the treating of this particular classification disparagingly.”
Defendants sought review of the district court’s ruling in this court, and we ordered the matter docketed as an appeal pursuant to La. Const, art. V, § 5(D).[2] On May 16, 2000, this court rendered a per curiam opinion finding that the district court pre *1126 maturely addressed the issue of the constitutionality of La. R.S. 13:5107(D) without having first held the contradictory hearing required by the statute.[3] The court noted that without such a hearing in the record, it is “impossible for us to determine whether defendants were entitled to the relief they sought. Should defendants be unable to prevail at the contradictory hearing, the constitutional issue would be rendered moot.” The court vacated the judgment of the district court declaring the statute unconstitutional and remanded the case to the district court to conduct a contradictory hearing. In a footnote, the court then added:
|4We need not resolve at this time whether plaintiff may attempt to raise a good cause defense at the contradictory hearing. Although we acknowledge the good cause requirement was not expressly imposed until Act 518 was enacted, the district court on remand can determine whether, before Act 518, it had the inherent authority in the context of the contradictory hearing to find the plaintiff had good cause for not requesting service within ninety days. In any event, the parties will have an adequate opportunity to address this issue on remand.
Langlois I at p. 5, fn. 4, 761 So.2d at 507.
On remand, plaintiff argued that a good cause exception for failure to timely request service was implicit in La. R.S. 13:5107(D), that good cause existed in this case, and that if there was no good cause exception, the statute was unconstitutional.[4] In support, plaintiff attached a copy of defendants’ responses to requests for admissions wherein defendants admitted that the School Board received notice of the accident at issue within seventy-two hours of its occurrence; that the accident was between two school buses owned by the School Board; and that the School Board received notice within one month of the accident that plaintiffs claim for damages existed. In response to a request that the School Board produce copies of all correspondence received by defendants or anyone acting on their behalf from plaintiffs counsel pertaining to the claims at issue in this suit, the School Board attached a letter from plaintiffs counsel dated November 12, 1997 to a claims representative of Gallagher Bassett Services, Inc., enclosing a copy of the petition for damages per the claims representative’s request.
The district court held a hearing. Defendants allege that at the hearing they submitted a copy of the petition showing the filing date of September 5, 1997 and a copy of the letter from plaintiffs counsel to the Clerk of Court dated July 22, 1998, |Bwherein service was requested on defendants for the first time. The district court then on its own motion ordered another hearing to address the issue of whether it had discretion to find good cause for a party’s failure to comply with the service requirements of the 1996 version of La. R.S. 13:5107(D). Following the second hearing, the district court held:
[T]he court finds that La. R.S. 13:5107(D) as it existed at the time of the commencement of the existing action by the filing of the petition did not expressly or impliedly provide for a good cause hearing. Accordingly, the court’s previous judgment dismissing defen *1127 dant’s exception is reaffirmed and the exception is overruled.
On defendants’ application for supervisory review of the district court’s judgment,[5] the court of appeal granted writs and reversed.[6] In a seven-page per curiam opinion, the court of appeal held that the district court erred in denying defendants’ exception of insufficiency of service of process because plaintiff did not show good cause for her failure to timely request service. Relying on Naquin v. Titan Indemnity Co., 00-1585 (La.2/21/01), 779 So.2d 704,[7] the court of appeal held that
defendants’ admission that the School Board had knowledge of the claim for damages and the plaintiffs allegation that the School Board’s adjuster had a copy of the petition do not excuse plaintiff from the requirement to timely request service. Therefore, regardless of whether La. R.S. 13:5107(D) as it applied to this suit made provision for | (¡plaintiff to show good cause for failure to timely request service, plaintiff failed to demonstrate good cause.
Langlois v. East Baton Rouge Parish Sch. Bd., 01-1227 at p. 7 (La.App. 1st Cir.9/24/01), 809 So.2d 274, 278.
Based on this reasoning, the court of appeal rendered judgment in defendants’ favor, and remanded the case to the district court for consideration of the constitutionality issue.
The district court conducted a hearing on the second remand. Following the hearing, the court entered the following judgment:
La. R.S. 13:5107(D) as enacted in 1996 and made effective May 9, 1996 is unconstitutional in that it violates the plaintiffs right to due process and to equal protection of the law as provided by the Constitution of the United States and the Constitution of the State of Louisiana. ■ Accordingly it is the further order of this court that the defendants’ declinatory exception of improper service is denied.
Defendants have devolutively appealed the district court’s judgment to this court.
DISCUSSION
As we explained in Langlois I, there was no requirement prior to 1996 that service of citation upon a governmental defendant be requested within any specified time. In 1996, the legislature enacted Act 63 of the First Extraordinary Session (“Act 63”), which created La. R.S. 13:5107(D) and imposed a requirement that service upon governmental defendants be requested within ninety days of the filing of the petition.
*1128 As originally drafted, Act 63 provided: “[t]his provision shall be operative without formal order, but, on ex parte motion of any party or interested person, the trial court shall enter a formal order of dismissal as of the ninety-first day after the filing,” However, prior to passage, the legislature eliminated the language allowing dismissal 17on an ex parte basis and instead imposed a requirement that dismissal occur only after a contradictory hearing. As finally enacted by Act 63, La. R.S. 13:5107(D) provided in pertinent part:
If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served, [emphasis added]
Thereafter, the legislature made certain changes to La. R.S. 13:5107(D) in Acts 1997, No. 518 (“Act 518”), which became effective January 1, 1998.[8] For purposes of this case, the principal change made in Act 518 was to add La. R.S. 13:5107(D)(2), which provides:
If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
At the same time, the legislature enacted La.Code Civ. P. art. 1672(C), which allows a party to make a showing of “good cause” why service could not be requested. Section 5 of Act 518 specifically makes these amendments applicable only to suits filed on or after January 1, 1998, the effective date of the act. Therefore, plaintiff argues, and the district court found, that a person such as plaintiff, who filed suit after the effective date of Act 63 but prior to the effective date of Act 518, is treated differently than a person who filed suit after the effective date of Act 518, because the former did not have an opportunity to make a showing of good cause.
lsThe fallacy in this argument is that plaintiff, even if given an opportunity to show good cause for her failure to request service within ninety days, is clearly unable do so.[9] In fact, it is noteworthy that the arguments advanced by plaintiff (that defendants had knowledge of her claim) are virtually identical to the arguments rejected by this court in Naquin. Because plaintiff did not seek review in this court of the court of appeal’s judgment holding that she did not show good cause for her failure to timely request service, that determination is now final.
Given that plaintiff cannot show good cause for her failure to timely request service, she cannot prevail on her conten *1129 tion that she was treated differently under the 1996 version of La. R.S. 13:5107(D) than she would have been under the 1998 version of that statute. The district court therefore erred in reaching the question of constitutionality under these facts.
Accordingly, we will vacate the judgment of the district court declaring the 1996 version of La. R.S. 13:5107(D) unconstitutional and remand the case to the district court for farther proceedings.
DECREE
For the reasons assigned, the judgment of the district court declaring the 1996 version of La. R.S. 13:5107(D) unconstitutional is vacated and set aside. The case is remanded to the district court for further proceedings.

 Weimer, J., recused.

. As enacted by Act 63, La. R.S. 13:5107(D) provided:
In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names a state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, or political subdivision or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof. The effect of interruption of prescription as to other persons shall not be affected thereby. [emphasis added]

. Langlois v. East Baton Rouge Parish Sch. Bd., 99-2007 (La.10/15/99), 748 So.2d 1153.

. Langlois v. East Baton Rouge Parish Sch. Bd., 99-2007 (La.5/16/00), 761 So.2d 504 (“Langlois I").

. In addition to the equal protection argument plaintiff previously raised, she filed in June 2000 a second amending and supplemental petition challenging La. R.S. 13:5107(D) on due process grounds.

. Defendants initially submitted to the district court a motion for time within which to file supervisory writs with this court, on the basis that the -district court was reaffirming its pri- or ruling in which it found La. R.S. 13:5107(D) unconstitutional. The court denied the motion, noting "constitutionality not considered in accordance with Supreme Court Order of Remand.”

. Langlois v. East Baton Rouge Parish Sch. Bd., 01-1227 (La.App. 1st Cir.9/24/01), 809 So.2d 274.

. In Naquin, plaintiff filed suit against a governmental entity ten months after the effective date of La. R.S. 13:5107(D), but did not request service of process timely. The district court dismissed the suit, and we affirmed. We held that under the original version of La. R.S. 13:5107(D), the plaintiff was required to request service of process within ninety days of the filing of the petition because the statute applied to suits filed after its effective date. We found that the subsequent amendment and reenactment of the statute by Act 518 had no bearing on the case because Act 518 only applies to cases filed on and after January 1, 1998, its effective date. Finally, we rejected plaintiff's claim that defendants' knowledge of the pending suit satisfied plaintiff's obligation to request service timely.

. Act 518 also enacted La.Code Civ. P. art. 1201(C), requiring that service of citation be requested upon all named defendants within ninety days of commencement of the action.

. As noted in Naquin, the "good cause” provision set forth in the 1998 amendment does not apply retroactively. However, in our pri- or opinion in this case, we raised the possibility that the district court had the inherent authority to make such a determination even prior to the 1998 amendment. While the district judge stated in her oral reasons that she lacked such authority, she went on to overrule the defendants' exception of insufficiency of service of process, suggesting she must have implicitly determined plaintiff had a valid reason for not requesting service. The court of appeal reasoned that even assuming the "good cause” requirement applied, plaintiff failed to malte the requisite showing. Without deciding whether the district court had such authority prior to 1998, we find plaintiff could not have made the requisite showing.